IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| DOROTHY HALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | No. _____ |
| | ) | **JURY DEMANDED** |
| AT&T CORP, and BELLSOUTH | ) | |
| TELECOMMUNICATIONS, LLC, d/b/a | ) | |
| AT&T TENNESSSEE, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT FOR PERSONAL INJURIES AND DAMAGES

The Plaintiff, DOROTHY HALL, brings this civil tort action against the Defendant,

AT&T Corp. and Bellsouth Telecommunications, LLC, d/b/a AT&T Tennessee, for the purpose

of recovering actual and compensatory damages in the amounts as set forth below and for this

cause of action, would respectfully state unto the Court as follows:

### JURISDICTION AND VENUE

1. The Plaintiff, DOROTHY HALL (sometimes hereinafter referred to as "Plaintiff-Hall"),

is an adult resident and citizen of Madison County, Tennessee.

2. The Defendant, AT&T Corp., is a foreign for profit corporation, upon information,

investigation and belief to be formed in the State of New York, and with a principal place of

business/address in New Jersey, with sufficient contacts and authorized to do business in the

State of Tennessee, including in Jackson, Madison County, Tennessee and specifically at a

Corporate owned store location of the Defendant(s) referred to as AT&T Store Jackson-Jackson

Columns at 1012 Vann Drive, Suite C, Jackson, Tennessee 38305, by offering products and services for sale to the customer/consumer public and invitees within the State of Tennessee and the County of Madison. Diversity of citizenship pursuant to the United States Code is hereby asserted as to this Defendant.

    3.  The Defendant, Bellsouth Telecommunications, LLC, d/b/a AT&T Tennessee., is a foreign for profit corporation, upon information, investigation and belief to be formed in the State of Georgia, and with a principal place of business/address in Georgia, but otherwise with sufficient contacts and authorized to do business in the State of Tennessee, including in Jackson, Madison County, Tennessee, specifically at a Corporate owned store location referred to as AT&T Store Jackson-Jackson Columns at 1012 Vann Drive, Suite C, Jackson, Tennessee 38305, by offering products and services for sale to the customer/consumer public and invitees within the State of Tennessee and the County of Madison. Diversity of citizenship pursuant to the United States Code is hereby asserted as to this Defendant.

    4.  The Plaintiff would further show that this cause of action arises in tort out of personal injuries sustained directly by Plaintiff, Dorothy Hall, in Jackson, Madison County, Tennessee at the above-referenced AT&T Store Jackson-Jackson Columns retail location of the Defendants in Jackson, Madison County Tennessee caused by negligent unstable customer seating that negligently tips over without forewarning and which negligent unstable seating (Dauphin chairs/stools) was reasonably foreseeable to tip over and cause harm to a customer and/or invitee; for which these subject chairs/stools were likewise clearly owned by the Defendants, and both intentionally and knowingly placed by the Defendants in this store for customer seating. Upon information, investigation and belief, the subject chair/stool at issue herein, which was controlled by the Defendants and caused injury to the Plaintiff, was among many of same owned

2

by the Defendants and within the subject store location of the Defendants, said subject

chairs/stools being specifically Dauphin Model No. OC9288.

5.   Therefore, based upon the foregoing, jurisdiction and venue are proper against these

Defendants within the United States District Court for the Western District of Tennessee, Eastern

Division; and for which, again, Diversity of Citizenship herewith applies.

## FACTS

6.   On June 8, 2021, Plaintiff, Dorothy Hall, was a customer at the Defendants' corporate-

owned retail location at 1012 Vann Drive, Suite C, Jackson, Tennessee 38305, apparently

referred to generally as AT&T Store Jackson-Jackson Columns, in which upon entering said

location she observed what clearly appeared to be seating offered and invited by the Defendants

for customer seating in the form of a chair/stool with a round base/pedestal and tubular

telescopic metal column ascending from the base/pedestal for which a black seat was attached

and/or a component thereof. The said subject seat area/component clearly presented to Plaintiff-

Hall a curved backrest which unbeknownst to Plaintiff negligently invites and negligently

suggests that the customer such as Plaintiff-Hall could safely maneuver their/her body/buttocks

onto the black seat area and scoot back in order for the lower back to presumably be able to

safely rest against this "backrest", which without warning to Plaintiff-Hall could actually not be

known and safely accomplished without the subject chair/stool becoming unstable, tipping over

and causing probable consequent injuries, all of which was reasonably foreseeable to the

Defendants on this day and prior thereto, including based upon prior such seating instability of

the subject chairs/stools and prior such incident(s) known and/or should have been known by the

Defendants. More specifically as to Plaintiff-Hall, on this date and at the subject time of said

Plaintiff's presence in said location of the Defendants as aforestated, upon the Plaintiff, Dorothy

Hall, carefully attempting to sit and scoot her lower back against the backrest of this subject chair/stool, Dauphin Model No. OC9288 owned and placed by the Defendants, she then suddenly and without warning experienced an immediate and uncontrollable tipping over (backwards) of the subject chair/stool which thrust her backwards with the subject chair/stool and her body consequently striking the floor and causing serious personal/bodily injuries including but not limited to an acute lumbar vertebral compression fracture and resulting extensive medical treatment, injuries and damages which continue.

### CAUSES OF ACTION AGAINST THE DEFENDANTS –
### COMMON LAW NEGLIGENCE (DUTY AND BREACH OF DUTY);
### AND RES IPSA LOQUITOR

7.      The Defendants are herein guilty of and liable to Plaintiff-Hall for Tennessee Common Law Negligence by offering and maintaining for customer use, without warning of instability and potential danger in sitting against the backrest, the aforedescribed Dauphin Model No. OC9288 chair/stool owned and placed for customer use by the said Defendants. Specifically herein, upon information, investigation and belief, the Defendants knew and/or should have known, including from prior instability and incident(s), that the aforementioned seating offered to Plaintiff-Hall in the form of the Defendants' owned and customer placed Dauphin Model No. OC9288 chair/stool was unstable and subject to tipping/falling over when a customer such as Plaintiff-Hall would maneuver their/her body/buttocks/back toward the backrest area of the subject seat. It was therefore reasonably foreseeable by the Defendants and their management/ agents/employees that these subject chairs/stools (Dauphin Model No. OC9288), and including the specific chair that Plaintiff-Hall attempted her seating upon on 6/8/21, could cause harm to customers and including on the subject date of 6/8/21 specifically to Plaintiff, Dorothy Hall.

Thus, the Defendants clearly owed Plaintiff-Hall a duty of care specifically relative to the subject chair/stool which was attempted to be properly sat in/upon by Plaintiff, Dorothy Hall.

8.     Therefore, in light of the credible allegations and facts stated hereinabove, and the contentions within paragraph 7 above, the Defendants should have acted reasonably as to Plaintiff-Hall by warning her and/or assisting her with the subject seating so as to cause no harm or injury to her, including proper training and/or instruction of employees/agents in this regard; or the subject seating should have been bolted to the floor in a manner that would safely allow seating upon this specific subject model chair/stool owned and controlled by the Defendants; and, most importantly, given the length of time of having either reasonably known or based upon incidents and circumstances that would have put the Defendants on notice for which the Defendants reasonably should have known of this subject chair model's dangerous instability and proneness to imbalance and tipping over, the Defendants should have removed and replaced this subject dangerous and negligent customer seating model which harmed Plaintiff-Hall (Dauphin Model No. OC9288) with alternative safe and stable seating prior to the unnecessary accident and injuries that she sustained through no fault of her own on or about 6/8/21 as aforestated. In failing to warn, assist, train/instruct, bolt, or remove/replace the subject negligent and unreasonably dangerous seating in the form of the owned and placed Dauphin Model No. OC9288, the Defendants breached their duty of care owed to Plaintiff-Hall and are thus guilty of Tennessee Common Law Negligence and liable to Plaintiff-Hall for her injuries and damages.

9.     Further, Plaintiff-Hall would allege against the Defendants, any or all of them, as well as their management, agents, and/or employees, the Doctrine of Res Ipsa Loquitor as being applicable to the facts of this case inasmuch as the Defendants and/or their management/ agents/employees, operating and working and/or being otherwise responsible to customers and

their safety within the subject AT&T Store Jackson-Jackson Columns location of the Defendants in Madison County, Tennessee, were in exclusive control and/or management of said store and specifically the subject negligent and unstable offered seating (Dauphin Model No. OC9288), for which an accident as occurred and sustained herein would not have ordinarily been caused except for the negligence and carelessness of the Defendants. The applicability herein of the Doctrine of Res Ipsa Loquitor is a direct inference that the Defendants were indeed negligent in their actions and/or inactions as to Plaintiff, Dorothy Hall.

10.     The corporate Defendants named herein are liable to Plaintiff-Hall for all acts of negligence, including the applicability of the Doctrine of Res Ipsa Loquitor, for the negligent actions and/or inactions of their agents and/or employees, by virtue of Respondeat Superior, Principal-Agency Law, and otherwise all theories of vicarious liability.

**CAUSATION/INJURIES AND DAMAGES**

11.     As a direct, legal and proximate result/cause of the negligence of the Defendants, AT&T Corp. and/or Bellsouth Telecommunications, LLC, d/b/a AT&T Tennessee, and including their employees and agents, the Plaintiff, Dorothy Hall, sustained personal bodily injuries and the following damages for which she sues the Defendants:

(a)     Medical expenses, both past and future;

(b)     Pain, both past and future;

(c)     Suffering, both past and future;

(d)     Past and future impairment of the ability to enjoy the normal pleasures of life;

(e)     Bodily injuries;

(f)     Permanent physical injury and impairment; and

(g)     All of the damages allowed under the law.

**RELIEF SOUGHT**

WHEREFORE, the Plaintiff, Dorothy Hall, sues the Defendants herein for actual and compensatory damages in an amount up to One Million Dollars ($1,000,000.00), plus interest and costs, and such other relief as to which she is entitled, and respectfully prays for a trial by jury.

Respectfully submitted,

By: _____

J. MARK PATEY, BPR #13379
Attorney for Plaintiff
112 S. Liberty Street, Suite 222
Jackson, Tennessee 38301
Telephone:  (731) 256-1222
Facsimile:  (731) 256-1778
Email: pateylaw@eplus.net

**COST BOND**

I hereby acknowledge myself as surety in this cause for costs not to exceed One Thousand and 00/100 Dollars ($1,000.00).

By: _____

J. MARK PATEY

7